UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER SANDERS,        )
   Plaintiff,        )
        )
vs.        )   Case No. 23-1043
        )
PEORIA COUNTY STATES        )
ATTORNEY'S OFFICE, et.al,        )
   Defendants        )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims Defendants Peoria County State's Attorneys' Office, Peoria Police Department, City of Peoria, Peoria Police Detective Matthew Mocilan, Assistant State's Attorney Kenny, and Peoria County State's Attorney Jodi Hoos violated his constitutional rights.

Plaintiff says Defendant Detective Mocilan violated his due process rights when the officer intentionally provided false testimony to a grand jury in *People v. Sanders*,

1

Case No. 21 CF 31. Plaintiff claims the officer knew the information he was providing was not true based on previous interviews and evidence collected. [1]

In addition, Plaintiff claims Defendant Assistant State's Attorney Kenny knew or reasonably should have known Defendant Mocilan was providing false testimony.

Finally, Plaintiff notes Defendant Mocilan was employed by Defendants Peoria Police Department and the City of Peoria, and Defendant Kenny was employed by Defendants State's Attorney Hoos and the State's Attorney's Office. In both instances, Plaintiff claims the Defendant employers were responsible for the conduct of their employees.

Plaintiff is asking for $12,275,000 in damages for his claims. Plaintiff further notes he plans to file a *habeas* petition, but asks the Court to consider granting him *habeas* relief in this lawsuit. (Comp., p. 10). However, Plaintiff adds "if it is not within the court's ability to grant" *habeas* relief or order an investigation into the grand jury process, "then please disregard" and consider his request for damages. (Comp., p. 10).

Plaintiff is correct. A *habeas* petition is a separate action for different relief and Plaintiff cannot combine the two in one lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). Plaintiff's current complaint is filed pursuant to 42 U.S.C. §1983 and requests damages. (Comp., p. 1).

---

[1] The Court takes judicial notice Plaintiff's Peoria County criminal case is still pending. Plaintiff is currently scheduled for jury trial on June 5, 2023 on one count of first degree murder and one count of murder. *See* COUNTY CIRCUIT CLERK, Peoria County Records Portal, https://judicial.peoriacounty.org/Portal/Home (last visited March 28, 2023)

Courts have repeatedly considered the same allegations raised in Plaintiff's complaint. Police officers, like other witnesses, have absolute immunity from liability under 42 U.S.C. § 1983 for testimony given in a criminal proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 332 (1983) (a police officer who gave perjured testimony at a plaintiff's criminal trial was absolutely immune from subsequent damages liability under Section 1983 "even if the witness knew the statements were false and made them with malice").

The Seventh Circuit Court of Appeals has specifically extended absolute immunity to police witnesses testifying before a grand jury. *See Kincaid v. Eberle*, 712 F.2d 1023, 1023–24 (7th Cir.1983) (police officers testifying before a grand jury have absolute immunity from Section 1983 liability for giving false testimony); *see also Koontz v. BI Inc. GPS Tracking*, 2011 WL 2473720, at *3 (S.D.Ill. June 22, 2011) (dismissing complaint alleging police officer gave false testimony before a grand jury); *Clemon v. Kosack*, 2009 WL 1708741, at *1 (C.D.Ill. June 15 ,2009)(same); *Simmons v. Crutcher,* 2007 WL 4379482, at *1 (C.D.Ill. Dec. 12, 2007)(same).

In addition, an Assistant State's Attorney is absolutely immune from suits for actions taken in the course of presenting a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process); *Buckley v. Fitzsimmons,* 20 F.3d 789, 795 (7th Cir. 1994)(prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he

3

initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence."). This includes claims alleging an Assistant State's Attorney allowed an officer to present false testimony to a grand jury. *See i.e. Simmons,* 2007 WL 4379482, at *1.

Even if Plaintiff had articulated a claim against Defendant Detective Mocilan or Assistant State's Attorney Kenny, he could not proceed with claims against their supervisors. The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Instead, a Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016).

For all the stated reasons, the Court must dismiss Plaintiff's complaint. Given the cited caselaw, Plaintiff cannot cure the noted deficiencies if given leave to amend.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. Plaintiff is advised the dismissal may count as a potential strike pursuant to 28 U.S.C. Section 1915(g).

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 29th day of March, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE